NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1335
_____

UNITED STATES OF AMERICA

v.

HECTOR DOMINGUEZ-GABRIEL,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cr-00388-001)
District Judge: Hon. R. Barclay Surrick
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 19, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Filed: September 22, 2205 )
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Hector Dominguez-Gabriel pleaded guilty to conspiracy to distribute five kilograms of

cocaine. He and the government stipulated to a prison sentence of ten years, the statutory

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

minimum. *See* Fed. R. Crim. P. 11(c)(1)(C); 21 U.S.C. §§ 841(b)(1)(A), 846. The District Court accepted the guilty plea and imposed the stipulated sentence. Dominguez-Gabriel now appeals.

Dominguez-Gabriel's court-appointed lawyer has asked to withdraw from this appeal because there are no non-frivolous issues. *See* 3d Cir. L.A.R. 109.2(a) (citing *Anders v. California*, 386 U.S. 738 (1967)). Dominguez-Gabriel did not file his own brief. We see no non-frivolous issues in the briefs or record.

On an *Anders* motion, we first decide whether counsel thoroughly reviewed the record and explained why there are no non-frivolous appealable issues. *United States v. Langley*, 52 F.4th 564, 574 (3d Cir. 2022). He has. Counsel canvassed the record and identified a potential issue with the District Court's time-served credit calculation under 18 U.S.C. § 3585. But that issue is frivolous: Dominguez-Gabriel cannot get credit for time served in Pennsylvania before this sentence because he was already imprisoned for a different offense. *See* § 3585(b). Counsel has further noted that the District Court accepted the plea agreement and opted to run Dominguez-Gabriel's sentences concurrently.

Second, we review the record independently for any non-frivolous issues. *United States v. Brookins*, 132 F.4th 659, 666 (3d Cir. 2025); *Anders*, 386 U.S. at 742. We find none. The District Court ensured that Dominguez-Gabriel's plea was knowing and voluntary. *See* Fed. R. Crim. P. 11(b)(1)–(2); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Brady v. United States*, 397 U.S. 742, 755–56 (1970). He was advised of various procedural rights and acknowledged that he was waiving them, including (under the appeal waiver) his right to appeal most issues. He was told the statutory maximum and minimum penalties. He

2

admitted to an adequate factual basis for the crime. The District Court reasonably imposed the stipulated, statutory-minimum sentence. *See* Fed. R. Crim. P. 32(i); *Boykin*, 395 U.S. at 242.

Plus, Dominguez-Gabriel waived his right to appeal, with a few conditions. Nothing indicates that any of those conditions are met: His stipulated sentence was below the Guidelines range, and there is no sign his counsel's performance fell below what the Sixth Amendment requires. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Indeed, Dominguez-Gabriel said he was pleased with his lawyer.

We see no colorable issues with Dominguez-Gabriel's plea or sentence. So we will grant the motion to withdraw and affirm the District Court's judgment.